Barnard, P. J.
The plaintiff accidentally broke his leg. The defendant is a physician and surgeon who was called upon to set the fracture, which was an oblique one, in the upper part of the thigh bone.
The plaintiff was a man of sixty-nine years of age. The fractured bone united, but the leg was shortened two inches in its whole length. The plaintiff had received a fracture of his other leg in 1861, and a rib in 1850, and he received a fracture in the same leg below the knee in October, 1866. This was a tranverse fracture. The oblique fracture took some four months to unite and the latter one took about one month. The transverse fracture is more readily healed and is less liable to contraction of the leg, for the reason that the broken parts in the transverse fracture slip on account of the muscular contraction and the parts of the broken bone are not opposite. The leg must be extended so as to bring the broken parts exactly together, and there must be counter extension of the leg until the fracture heals. In the present case the broken parts of the bone were not brought together, or if that was properly done they were suffered to slip back, so that the final union was made with the bones overlapping one and a quarter inches, making a marked deformity and shortening the leg more than was necessary. The overlapping ends of the bone were not parallel, but at an angle, causing an unnatural prominence to the outward thigh and a like *877 depression as to the inner parts of the thigh. There was considerable contradictory proof given as to the probable cause of the defect in the case, but none in the facts of the shortening of the leg and as to its present condition. The whole question was one of fact, where the evidence is not so preponderating as to justify an appellate court in reversing the finding of the jury. As to the hypothetical question put to Drs. Baily and Crary, the papers do not show that the questions were not based upon some evidence of the facts assumed in the question. There was so much of the testimony as was given by illustration from an apparatus before the jury, and which is not explained by the witnesses so as to be understood on appeal.
The question put Dr. Churchill and received under defendant’s objection as to his opinion of the treatment of the case by defendant, where the answer was stricken out as not responsive, would not justify a reversal. The same witness was subsequently permitted to give his opinion upon all the alleged defects in the treatment of the fracture by the defendant. No part of the answer stricken out was permanently left out of the case.
The judgment should therefore be affirmed, with costs.
Pratt and Dykman, JJ., concur.